UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

PHILLIP E. LaPOINTE, )
    Plaintiff, )
)
vs. ) Case No. 06-cv-00952-DGW
)
ROGER WALKER, JR., et al. )
)
    Defendants. )

## ORDER

Pending before the Court is Plaintiff's motion for reconsideration (Doc. 87) of the Court's Order dismissing his cause of action and entering judgment (Docs. 83 and 84).

A motion for reconsideration "allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co*., 224 F.3d 601, 606 (7th Cir. 2000)(quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)). Such motions are disfavored and should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc*., 906 F.2d 1185, 1191 (7th Cir. 1990).

Plaintiff's motion for reconsideration contains no new evidence and points to no new controlling law. Rather, the motion reargues many of the same points he asserted in his responses to Defendants' Motion for Summary Judgment (Docs. 50, 52). A motion for reconsideration will not be granted where, as here, Plaintiff simply reargues points he made in response. *Oto*, 224 F.3d at 606.

Based upon the foregoing, Plaintiff's motion for reconsideration (Doc. 87) is **DENIED**.

    **IT IS SO ORDERED**.

    **DATED:  March 30, 2011**

                                                                       */s/ Donald Wilkerson*
                                                                    **DONALD G. WILKERSON**
                                                                      **United States Magistrate Judge**